**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 24-1288 and 24-1352

UNITED STATES OF AMERICA

v.

NICKOLAS PASSINEAU,

Appellant in case 24-1288

UNITED STATES OF AMERICA

v.

JOHN SUGGS,

Appellant in case 24-1352

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court Nos. 2:19-cr-00629-002 and 2:19-cr-00629-001)
District Judge: Honorable Joel H. Slomsky

Submitted under Third Circuit L.A.R. 34.1(a)
March 28, 2025

Before: BIBAS, PHIPPS, and AMBRO, Circuit Judges

(Opinion filed: April 16, 2025)

AMBRO, Circuit Judge

Nickolas Passineau and John Suggs robbed two pharmacies in Philadelphia and committed related gun offenses. They went to trial and a jury convicted them. They appeal the denial of their pretrial evidentiary motions and motion to sever the counts related to each robbery, as well as the partial grant of the Government's pretrial evidentiary motion. They also challenge the sufficiency of the evidence to support their convictions. We affirm on all issues.

**I.**

For the robbery of a pharmacy on Castor Avenue ("Castor Pharmacy") in October 2017, a federal grand jury in the Eastern District of Pennsylvania indicted Suggs, Passineau, Russell Williams, and Khalil Werts. The charges were robbery that interferes with interstate commerce (Count 1), 18 U.S.C § 1951(a), and using, carrying, and brandishing a firearm during and in relation to a crime of violence (Count 2), 18 U.S.C. § 924(c)(1)(A)(ii). It also indicted Suggs, Passineau, and Tameer Miller under the same statutes for the robbery of a pharmacy on East Hunting Park Avenue ("Smith Pharmacy") in February 2018 (Counts 3 and 4).[1]

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The Government later moved to dismiss Count 2. Williams, Werts, and Miller pled guilty.

Before trial, Passineau and Suggs moved to: (1) sever the counts related to the Castor Pharmacy from those related to the Smith Pharmacy; (2) suppress witness identification evidence; and (3) suppress cell phone data, including cell-site location information. The Government moved to admit internet searches and text messages recovered from Suggs's cellphone. The District Court denied the defendants' motions and granted the Government's motion in part. In December 2022, the jury convicted Passineau and Suggs on Counts 1, 3, and 4. Both moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29, and Passineau moved for a new trial under Rule 33 as well. The District Court denied the posttrial motions.

## II.[2]

We address first Passineau's and Suggs's motions to sever the charges related to the two robberies. They contend that the District Court improperly joined the counts under Federal Rule of Criminal Procedure 8(b), which governs joinder of counts "in the same series of acts or transactions," and should have severed them for trial under Rule 14(a), which concerns relief from prejudicial joinder. In their view, trying the robberies together prejudiced each of them; the crimes are not similar enough to suggest a common plan or scheme; their co-defendants do not match for the two robberies; joinder is improper without a conspiracy count; and evidence of one robbery cannot be used to prove the other under Federal Rule of Evidence (FRE) 404(b).

We review the denial of a Rule 8(b) motion de novo, *United States v. Jimenez*, 513

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. The defendants timely appealed.

3

F.3d 62, 82 (3d Cir. 2008), and the denial of a Rule 14 motion for abuse of discretion, *United States v. Thornton*, 1 F.3d 149, 152 (3d Cir. 1993). We review the admission or exclusion of evidence for abuse of discretion. *United States v. Mathis*, 264 F.3d 321, 326–27 (3d Cir. 2001).

The District Court properly denied the motions. For the Rule 8(b) claim, it found that the robberies were in the same series of acts or transactions. We agree. "[T]he robberies were 'takeover' robberies, where the robbers rushed the pharmacy counter and specifically demanded opioids." App. 29. They "wore masks and gloves, pointed guns at pharmacy employees, and had getaway drivers waiting to take them away from the scene," App. 28, plus Suggs wore the same sweatshirt in both robberies. The contention that joinder requires a conspiracy count is incorrect. As long as the substantive offenses were part of the same series of transactions, "joinder may still be proper in the absence of a conspiracy count." *United States v. Walker*, 657 F.3d 160, 169 (3d Cir. 2011). Similarly, the difference in co-defendants across the counts is of no moment; Rule 8(b) provides that "[a]ll defendants need not be charged in each count." Fed. R. Crim. P. 8(b).

For the Rule 14(a) claim, Passineau and Suggs face a heavy burden: showing "clear and substantial prejudice resulting in a manifestly unfair trial." *United States v. Eufrasio*, 935 F.2d 553, 568 (3d Cir. 1991) (emphasis and internal quotation marks omitted). Here, the District Court instructed the jury to "separately consider the evidence against each Defendant on each offense charged" and to "return a separate verdict for each Defendant on each offense." App. 1569–70. Because it gave proper limiting instructions to the jury, it did not abuse its discretion in denying the Rule 14(a) motion.

4

*See Walker*, 657 F.3d at 171.

Passineau's and Suggs's FRE 404(b) contentions also fail. Because of the many similarities between the robberies, evidence of each is admissible as to the other to show the defendants' identity and common plan. *See United States v. Green*, 617 F.3d 233, 244 (3d Cir. 2010). The District Court thus did not abuse its discretion in applying that provision.

## III.

Passineau and Suggs next argue that the photo arrays shown to witnesses violated their due process rights. They object specifically to the use of their full faces when the robbers wore masks and hoodies, the inclusion of only Hispanic men in Passineau's lineup, and the strength of each witness's identification.

We review the District Court's admission of identification testimony for abuse of discretion. *United States v. Brownlee*, 454 F.3d 131, 137 (3d Cir. 2006). The first question before the District Court was whether the arrays were "unnecessarily or impermissibly suggestive," *United States v. Stevens*, 935 F.2d 1380, 1389 (3d Cir. 1991) (internal quotation marks omitted), which happens "when police attempt to emphasize the photograph of a given suspect, or when the circumstances surrounding the array unduly suggest who an identifying witness should select," *United States v. Lawrence*, 349 F.3d 109, 115 (3d Cir. 2003). If a district court finds an array suggestive, it moves to the second step of the inquiry: examining the "totality of the circumstances" to determine whether "the suggestiveness created 'a very substantial likelihood of …

5

misidentification.'" *Stevens*, 935 F.2d at 1391 (quoting *Simmons v. United States*, 390 U.S. 377, 384 (1968)) (omission in original).

We affirm the District Court's denial of the motions at the first step. It reasoned that the individuals in the photo arrays looked similar to Passineau and Suggs because they had "similar facial features, hairstyles, and skin tones." App. 67. Contrary to Passineau's arguments, using individuals who looked like him made the array *less* suggestive. We would have more reason for concern if, for instance, a witness said the robber was a Hispanic man and then the police provided an array with only one Hispanic man pictured. Furthermore, the instructions given to the witnesses mentioned that features like head and facial hair are subject to change; that the detectives were unaware of the identity of the suspect; and that the suspect may not be in the photo array. And Passineau and Suggs do not allege that the detectives made any suggestive comments or cues. Because the array was not unnecessarily or impermissibly suggestive, the District Court properly ended the analysis at the first step.

**IV.**

We turn to Passineau's and Suggs's challenge to the affidavit of probable cause underlying the warrant application for data from their cellphones. The affidavit stated that:

- the robbers wore masks;
- Detective McCullion saw footage of the Smith Pharmacy robbery;
- Detective McCullion knew of Passineau and Suggs because they were suspects in the Castor Pharmacy robbery;
- the robberies were similar; and

6

- witnesses identified Passineau and Suggs from photo arrays.

Passineau and Suggs object to the description of the arrays as well as the assertion that Detective McCullion "recognized" the suspects when he in fact stated that the robbers "appeared to be" Passineau and Suggs.

The District Court held an evidentiary hearing on these issues per *Franks v. Delaware*, 438 U.S. 154 (1978). To prevail at that hearing, Passineau and Suggs had to establish by a preponderance of the evidence "(1) that a warrant application contained false statements made with reckless disregard for the truth[,] and (2) that the remaining truthful statements, standing alone, do not establish probable cause." *United States v. Desu*, 23 F.4th 224, 234 (3d Cir. 2022). We review the District Court's factual findings from a *Franks* hearing for clear error and its legal rulings de novo. *United States v. Brown*, 631 F.3d 638, 642 (3d Cir. 2011).

At the first step, the District Court properly found that the use of "recognized," instead of "appeared to be," in describing McCullion's identification was not a false statement. App. 72–73. Neither was the description of the photo-array identification because the warrant affidavit accurately described the witnesses' responses. Because the District Court correctly determined that Passineau's and Suggs's arguments failed at the first step of the suppression inquiry, we need not address the second.

## V.

We next review the admission of internet searches and text messages from Suggs's cellphone. The District Court admitted some of them as intrinsic evidence, which is evidence that "directly proves the charged offense" or shows "uncharged acts performed

7

contemporaneously with the charged crime … [that] facilitate the commission of the charged crime." *Green*, 617 F.3d at 248–49 (internal quotation marks and citations omitted). The District Court admitted additional messages as extrinsic character evidence to show motive and opportunity. *See* FRE 404(b); *Green*, 617 F.3d at 245. It excluded internet searches from unknown dates under FRE 404(b)(2) because they "merely show[ed]" a "predisposition to commit criminal acts." App. 51.

Passineau and Suggs contend that the searches and messages are irrelevant, prejudicial, and impermissible character evidence. That decision we review for abuse of discretion. *United States v. Serafini*, 233 F.3d 758, 768 n.14 (3d Cir. 2000).

We agree with the District Court that internet searches in the weeks before the robberies concerning pharmacies in Philadelphia, face masks, and vests directly prove the charged offenses, making them intrinsic evidence. The same goes for texts exchanged on the days of the robberies. We also agree that the following are admissible under FRE 404(b)(2):

- messages in the days following the robberies to show motive; and
- messages and internet searches concerning guns a month after the Castor Pharmacy robbery and a month before the Smith Pharmacy robbery to show opportunity to possess a firearm.

The District Court did not abuse its discretion in reaching these well-supported conclusions.

## VI.

Based on the photo arrays, DNA evidence, and cell-site information, Passineau argues that the evidence failed to establish that he participated in the Smith Pharmacy

8

robbery. Similarly, both defendants contend that the evidence was insufficient to support the gun convictions because it did not establish that the gun used in the Castor Pharmacy robbery was a real gun. We review the jury's verdict under a "highly deferential" standard, affirming unless it "fall[s] below the threshold of bare rationality." *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 430–31 (3d Cir. 2013) (en banc) (internal quotation marks and citations omitted). We affirm for the reasons outlined in the District Court's thorough opinion denying Passineau's and Suggs's motions for judgments of acquittal as well as Passineau's motion for a new trial.

*     *     *     *

We agree with the District Court's denial of Passineau's and Suggs's pretrial evidentiary motions and motion to sever the counts related to each robbery, partial grant of the Government's pretrial evidentiary motion, and denial of Passineau's and Suggs's posttrial motions. We therefore affirm their judgments of conviction.